IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GILBERTO VELEZ,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>Defendants. | CIVIL NO. 24-1047 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Gilberto Vélez ("Plaintiff") brings the present case against his employer, the Department of Homeland Security ("DHS") and its Secretary Alejandro Mayorkas ("Secretary Mayorkas"), coworkers Roberto Arias ("Arias") and Michael Estrada ("Estrada"), as well as several unknown defendants (collectively "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(a), *et seq*. In essence, Plaintiff avers he was subjected to a retaliatory hostile work environment in his employment at the U.S. Customs and Border Patrol ("CBP") after he filed an Equal Employment Opportunity ("EEO") Complaint in 2020 (the "2020 EEO Complaint")[1] which adversely affected his employment conditions.

Before the Court is Secretary Mayorkas' "Motion to Dismiss and Memorandum of Law in Support" where he proffers this case must be dismissed for several reasons. (Docket No. 22). His main argument is that Plaintiff's retaliation claim cannot prosper

---

[1] An aggrieved federal employee may file a formal complaint under the federal sector EEO complaint regulations. This is an internal grievance procedure within the agency, which is administered by the U.S. Equal Employment Opportunity Commission ("EEOC"). See Docket No. 22, Exhibit 1, p. 9

Case 3:24-cv-01047-CVR    Document 29    Filed 10/11/24    Page 2 of 13

Gilberto Vélez v. Alejandro Mayorkas, et al.
Opinion and Order
Civil 24-1047 (CVR)
Page 2
_____

and the whole case must be dismissed because Plaintiff's 2020 EEO Complaint did not constitute protected conduct under Title VII. In the alternative, Secretary Mayorkas offers as grounds for dismissal the following: failure to exhaust administrative remedies as to most of the adverse actions; lack of temporal proximity between the 2020 EEO Complaint and the complained-of actions; failure to allege sufficient facts for a retaliatory hostile work environment; the individual Defendants are improper parties under Title VII; and the $300,000.00 damage request exceeds the statutory cap. Id.

Also before the Court are Plaintiff's Opposition to Secretary Mayorkas' Motion to Dismiss (Docket No. 25) and Secretary Mayorkas' Reply to Plaintiff's Opposition. (Docket No. 28).

For the reasons explained below, Secretary Mayorkas' Motion to Dismiss is GRANTED.

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a Secretary Mayorkas with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007). In order to show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, not much is required, but a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. A plaintiff is required to present allegations that nudge the claims "across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005).

### STATEMENT OF FACTS[2]

The Court accepts Plaintiff's allegations as true for purposes of the Motion to Dismiss. Ponsa-Rabell v. Santander Sec., LLC, 35 F.4th 26, 30 (1st Cir. 2022); O'Brien v. Deutsche Bank Nat'l Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020).

On August 26, 2020, Plaintiff contacted an EEO counselor, and on October 7, 2020, filed the 2020 EEO Complaint with the DHS.[3] (Docket No. 22, Exhibit 1). At the time of the filing, Plaintiff marked the box that indicated it was being filed due to "parental status." The basis of the 2020 EEO Complaint was that in March 2020, Plaintiff

---

[2] All facts are derived from the Complaint. (Docket No. 1).
[3] When factual allegations are linked to and dependent upon a document whose authenticity is not challenged, the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6). Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005). Therefore, the Court considered the exhibits of Secretary Mayorkas' Motion to Dismiss. See Docket No. 22, Exhibits 1 and 2.

Case 3:24-cv-01047-CVR    Document 29    Filed 10/11/24    Page 4 of 13

Gilberto Vélez v. Alejandro Mayorkas, et al.
Opinion and Order
Civil 24-1047 (CVR)
Page 4
_____

submitted a request for tuition reimbursement for his son's enrollment at a Department of Defense school located at Ramey Base in Aguadilla. In support of this application, Arias, the Division Chief, requested that Plaintiff submit documentation showing that he had custody of his son. Plaintiff questioned this request averring he only needed to show his son's birth certificate. According to Plaintiff, Arias told him that, if he did not produce the document, his son would not be allowed to attend the school. Plaintiff opined that Arias overstepped his authority in asking for this evidence and thought he was questioning his parental and marital status.

Plaintiff was later provided a copy of the CBP's procedure for dependent tuition reimbursement, which indicated that, if the child lived with the employee permanently, the employee only needed to submit a birth certificate. Plaintiff's son did not live on a permanent basis with him, so the regulations required the employee to instead produce a custody agreement or a sworn declaration detailing such arrangement. Plaintiff admitted he did not have a formal custody agreement since he never married his son's mother, and never produced the declaration. On November 18, 2021, Plaintiff withdrew the 2020 EEO Complaint after his son was allowed to enroll in the school.

Plaintiff argues that, after filing the 2020 EEO Complaint, the following adverse employment actions occurred.

1. In January, 2021, he was not considered for the position of Patrol Agent I Charge.
2. In July 2021, a hostile work accusation was levied against Plaintiff, which was eventually deemed unfounded after an investigation.

Case 3:24-cv-01047-CVR   Document 29   Filed 10/11/24   Page 5 of 13

Gilberto Vélez v. Alejandro Mayorkas, et al.
Opinion and Order
Civil 24-1047 (CVR)
Page 5
_____

3. Arias served Plaintiff with an official notification that indicated he had anger issues and referred him to counseling.[4]

4. On or about July or August of 2021, Plaintiff was not interviewed for a vacancy for the position of Patrol Agent in Charge - Intelligence.

5. In December 2021, Estrada gave Plaintiff a t-shirt with the words "dees nutz", which he found offensive and unprofessional. Estrada also later excluded Plaintiff from a staff meeting.

6. In December of 2022, Plaintiff was not selected for an interim supervisory position during the incumbent's leave of absence.

7. In January of 2022, Acting Division Chief Wilmar Rodríguez ("Rodríguez") was dismissive of Plaintiff on several occasions, which prompted Plaintiff to question Rodríguez. This gave way to an investigation after Rodríguez alleged Plaintiff had behaved improperly and used offensive language.

8. In February of 2023, the investigation into Rodríguez's complaint concluded, and it found Plaintiff guilty of misconduct and proposed a 14-day suspension that was ultimately reduced to a 2-day suspension. Plaintiff served the suspension on February 22 and 23, 2023.

9. In 2022 and 2023, co-workers spread rumors about Plaintiff.

10. Plaintiff was the only second line supervisor without an office.[5]

---

[4] The Complaint in this case fails to identify the date of this action, but does indicate it was at the conclusion of the investigation referred to in item number 2.
[5] The Complaint does not specify what the title or designation of "second line supervisor" means.

Plaintiff's contention is that these adverse employment actions were in retaliation for the 2020 EEO Complaint he had previously filed.

On April 21, 2023, Plaintiff filed another complaint of discrimination before the EEO ("the 2023 EEO Complaint"). (Docket No. 22, Exhibit 2).[6] This time, he indicated it was due to "retaliation" based on his participation in prior EEO activity, and checked only that box on the form. Id. On October 19, 2023, Plaintiff was informed that the investigation into his complaint had not been completed within the 180-day time frame and he had the right to request a hearing before an EEOC Administrative Judge or to file a case before this Court. Id. at p. 18. On January 31, 2024, Plaintiff filed the present case.

## LEGAL ANALYSIS

Secretary Mayorkas proffers that, even taking all of Plaintiff's allegations as true as the Court must at this stage, the Complaint suffers from an uncurable malady, namely, Plaintiff's retaliation claim must fail because he did not previously engage in a protected activity covered under Title VII. According to Secretary Mayorkas, Plaintiff's 2020 EEO Complaint alleged discrimination based on his "parental status" only. Discrimination on the basis of parental status, however, is not a protected category under Title VII. Therefore, since Plaintiff failed to initially engage in protected activity as defined by Title VII, he cannot establish a *prima facie* case of retaliation under said statute. Secretary Mayorkas argues that no amendments to the Complaint can cure this deficiency. Thus, the case must be dismissed in its entirety.

---

[6] Plaintiff failed to mention the 2023 EEO Complaint in the Complaint filed in this case. Instead, Secretary Mayorkas included this record as exhibits accompanying his motion. (Docket No. 22, Exhibit 2). As the 2023 EEO Complaint ultimately gave Plaintiff the right to file the present case, the Court necessarily mentions in as part of the factual background.

In the alternative, Secretary Mayorkas posits that Plaintiff failed to exhaust administrative remedies as to all retaliatory discrete acts that took place prior to the cutoff date of January 28, 2023. The few acts that survive ultimately fail due to lack of causal relation with the 2020 EEO Complaint, as months and even years passed between each other. As to the retaliatory hostile work environment, Secretary Mayorkas contends that Plaintiff cannot establish that he suffered any material adverse action that was sufficiently severe or pervasive and further, likewise cannot prove the actions were causally related. He also asks the Court to dismiss the claims against individual Defendants Arias and Estrada, insofar as there is no individual employee liability under Title VII and the only properly named defendant in any such suit is the head of the department or agency. Finally, Secretary Mayorkas' requests that the damages claimed be reduced because they exceed the statutory cap of $300,000.00.

In opposition thereto, Plaintiff avers that "the issue at hand is not whether Mr. Vélez had a right under parental status or not, but what happened after he filed an EEOC complaint under a good faith belief that he was being discriminated, which is a protected activity regardless of the merits of the EEOC complaint." (Docket No. 25, p. 4). Regarding the exhaustion requirement, he submits the continuing violation doctrine applies, and since at least one of the incidents fell inside the cutoff date, the Court can consider all the alleged actions. In a novel argument, Plaintiff also proffers that a causal relationship between the 2020 EEO Complaint and the retaliatory actions exists because the time frame to analyze is not the date when he filed the 2020 EEO Complaint but rather when he withdrew it. As to the hostile work environment, he submits that paragraphs 11 through 18 of the Complaint in the present case adequately describe the retaliatory hostile

Case 3:24-cv-01047-CVR   Document 29   Filed 10/11/24   Page 8 of 13

Gilberto Vélez v. Alejandro Mayorkas, et al.
Opinion and Order
Civil 24-1047 (CVR)
Page 8
_____

work environment he suffered after he filed the 2020 EEO Complaint. Finally, although Plaintiff has no objection to dismissing the individual Defendants, he offers no discussion whatsoever regarding the damages amount, simply saying that "such determination is a matter of law that will be adjudicated by the Court." Id. at p. 13.

Secretary Mayorkas emphasizes in his Reply that Plaintiff admits that parental status is not covered by Title VII and cannot bring a retaliation claim. Secretary Mayorkas also argues that Plaintiff failed to properly refute lack of causal connection between his alleged protected activity and the adverse actions; failed to contest that the retaliatory hostile work environment was severe enough to be actionable; and failed to contest the statutory limit on damages over $300,000.00.

The Court begins and ends with Secretary Mayorkas' first argument, that Plaintiff failed to engage in protected activity by filing the 2020 EEO Complaint, as it finds it is dispositive of this case entirely.

Under Title VII, an employer cannot discriminate against an individual in the workplace on the basis of that individual's race, color, religion, sex, or national origin. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 63, 126 S.Ct. 2405, 2412 (2006); 42 U.S.C. § 2000e-2(a). In a separate retaliation provision, Title VII also "prohibits employers from retaliating against employees who report violations of that title." Carlson v. Univ. of New Eng., 899 F.3d 36, 43 (1st Cir. 2018); 42 U.S.C. § 2000e-3(a). Thus, Title VII's substantive provision protects employees against discrimination based on who they are (i.e., a member of a protected class) while the retaliation provision protects them on the basis of what they do (i.e., engage in protected conduct). Burlington N., 548 U.S. at 63, 126 S.Ct. at 2412; Stratton v. Bentley Univ., 113 F.4th 25, 38 (1st Cir. 2024).

To bring forth a retaliation claim, a plaintiff must establish that (1) he engaged in protected activity; (2) he suffered a materially adverse action; and (3) the adverse action was causally linked to the protected activity. Lebrón v. Puerto Rico, 770 F.3d 25, 31 (1st Cir. 2014); Dixon v. Int'l Bhd. of Police Officers, 504 F.3d 73, 81 (1st Cir. 2007).

Title VII, however, only provides relief for retaliation stemming from protected activity opposing discrimination based on sex, race, religion, or ethnicity. In other words, if the protected activity does not charge discrimination based on those specific classifications, Title VII's retaliation component cannot provide relief to a claimant.

Plaintiff's claim in the case at bar is based only on parental status, which is not a protected category within Title VII, and thus cannot be considered protected activity under the statute. See Meagher v. State U. Constr. Fund, Civil No. 17-0903, 2020 WL 5504011, at *18 (N.D.N.Y. Sept. 11, 2020) (parental status is not a protected characteristic under Title VII); Rotondo v. Best Buy Stores LLC, Civil No. 17-0522, 2019 WL 4805374, at *8 n.8 (N.D.N.Y. Oct. 1, 2019) (claim of parental status discrimination fails because parental status is not actionable under Title VII); Rodríguez-Coss v. Sessions, Civil No. 16-0633, 2018 WL 3213290, at *7 (D. Conn. June 29, 2018) (court lacked jurisdiction over claim of parental status discrimination as it is not actionable under Title VII); Wilkins v. Sessions, Civil No.17-403, 2018 WL 3131027, at *6 (D.S.C. June 8, 2018) (Title VII has not extended its reach to parental status as a protected class and collecting cases); Saleski-Shingara v. VNA Health Sys., Civil No. 14-00085, 2014 WL 5702928, at *8 (M.D. Pa. Nov. 5, 2014) (parental status not a protected characteristic under Title VII).

As properly argued by Secretary Mayorkas, this district has only considered claims of parental status discrimination as a sex or gender discrimination claim brought by a

Case 3:24-cv-01047-CVR   Document 29   Filed 10/11/24   Page 10 of 13

Gilberto Vélez v. Alejandro Mayorkas, et al.
Opinion and Order
Civil 24-1047 (CVR)
Page 10
_____

woman, finding that "a woman will perform her job less well due to her presumed family obligations is a form of sex-stereotyping and that adverse job actions on that basis constitute sex discrimination." See Serrano-Colón v. Dep't of Homeland Sec., Civil No. 16-1268, 2021 WL 3034044, at *7 (D.P.R. July 19, 2021). This is not the situation in the instant case.

Other courts have held that claims brought pursuant to a protected category *plus* parental status are permissible. See Mitchell v. Mukasey, Civil No. 08-0514, 2008 WL 11336783, at *2 (C.D. Cal. June 19, 2008) (although Title VII does not prohibit discrimination based solely on parental status, discrimination based on gender plus parental status is protected under federal law). This is likewise not the case before the Court, as Plaintiff's claim in the present case was based only on parental status. Consequently, Plaintiff's assertion that the 2020 EEO Complaint was protected activity must fail as a matter of law, since parental status is not a protected category under Title VII.

Plaintiff's additional argument, that he had a "good faith" belief that he had engaged in protected activity, is a non-starter, as Plaintiff admits in his Opposition that parental status "might not be covered" under Title VII[7]. Undaunted, he insists in the alternative that this case can nevertheless go forward because under federal law, it is forbidden to discriminate against employees based on parental status under Executive Order 13152. This Executive Order indeed forbids discrimination based on an individual's status as a parent. See Exec. Order 13152, 65 Fed. Reg. 26115 (May 2, 2000). Nonetheless,

---

[7] See Docket No. 25, pp. 6-7.

Executive Order 13152 also explicitly states that it does not "confer any right or benefit enforceable in law or equity against the United States or its representatives." Id. Since Executive Order 13152 cannot provide Plaintiff with any relief, this contention falters as well.[8]

Finally, Plaintiff avers that it is "obvious" that the 2020 EEO Complaint constitutes protected activity because "the complaint form includes parental status discrimination as a basis to file the EEOC complaint," and the Court's focus should be that he was retaliated against after he filed said document. (Docket No. 25, p. 7). In so arguing, Plaintiff puts the cart before the horse.

For the Court to find that Defendants retaliated against Plaintiff, it must first find he engaged in protected activity. See Dixon, 504 F.3d at 81 (to establish retaliation, a claimant must first show he engaged in protected activity, that he suffered an adverse action and causal connection between the two). Under Title VII, the filing of a claim or grievance, by itself, is not protected activity. See Ponte v. Steelcase Inc., 741 F.3d 310, 321 (1st Cir. 2014) (email and phone call complaining about lack of support were not protected activity); Agosto-Hernández v. PRWireless PR, LLC, Civil No. 21-1382, 2024 WL 3179430, at *14 (D.P.R. June 26, 2024) (email communication that did not mention sexual orientation is not protected activity); Walker v. City of Holyoke, 523 F.Supp.2d 86, 113 (D.Mass. 2007) (conduct not protected in a retaliation context where no allegation is made about an employment practice prohibited by statute).

---

[8] There are additional grounds as to why this Executive Order cannot provide Plaintiff the relief he seeks. See, e.g., Brown v. Gen. Servs. Admin., 425 U.S. 820, 835, 96 S. Ct. 1961, 1969 (1976) (holding that the Civil Rights Act of 1964 provides the exclusive judicial remedy for claims of discrimination in federal employment); and Benham v. Rice, Civil No. A-0301127, 2005 WL 691871, at *3 (D.D.C. Mar. 24, 2005) (noting that Executive Order 13,152 could not provide relief for parental status discrimination because the United States had not waived sovereign immunity to be sued under this order).

As previously discussed, the discrimination claim must be on the basis of sex, race, religion, or ethnicity to be actionable, so a retaliation claim can subsequently be brought as having occurred *because* of that initial conduct. See Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009) ("The term protected activity refers to action taken to protest or oppose statutorily prohibited discrimination"). Ultimately, Plaintiff's claim "is fatally flawed because [he] never engaged in any conduct that Title VII protects. Protected activity is any action taken to protest or oppose statutorily prohibited discrimination." Torres-Medina v. Wormuth, Civil No. 21-1362, 2022 WL 3557049, at *5 (D.P.R. Aug. 18, 2022) (holding that disability discrimination was not protected under Title VII). Antidiscrimination laws "serve salutary purposes, but they are not intended to function as a collective panacea for every work-related experience that is in some respect unjust, unfair, or unpleasant." Ahern v. Shinseki, 629 F.3d 49, 51 (1st Cir. 2010). Plaintiff simply did not engage in any conduct that Title VII protects, so the ensuing retaliation claim fails to move forward.

For the aforementioned reasons, the Court finds that Plaintiff did not engage in protected activity and his retaliation claim cannot lie. The Court does not reach the other arguments raised by Secretary Mayorkas because the analysis herein disposes of this case in its entirety.

## CONCLUSION

Based on the above considerations, Secretary Mayorkas' "Motion for to Dismiss and Memorandum of Law in Support" (Docket No. 22) is GRANTED and this case is DISMISSED WITH PREJUDICE.

Case 3:24-cv-01047-CVR   Document 29   Filed 10/11/24   Page 13 of 13

Gilberto Vélez v. Alejandro Mayorkas, et al.
Opinion and Order
Civil 24-1047 (CVR)
Page 13
_____

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 11th day of October 2024.

                                            S/CAMILLE L. VELEZ-RIVE
                                            CAMILLE L. VELEZ-RIVE
                                            UNITED STATES DISTRICT JUDGE